CHARLES  A.  SEVERY  *vs.*  JOSIAH  D.  BARTLETT.

Chapter 157 * of the Public Laws of 1868, providing that the plaintiff may, under certain circumstances, strike a bankrupt defendant's name from the suit without costs, applies to cases in which there is but one defendant, as well as to those where there are more than one.

ON EXCEPTIONS.

TRESPASS against the defendant as a deputy-sheriff for taking certain property of the plaintiff on a writ against this plaintiff in favor of a third person, in June, 1867, which property the plaintiff. claimed was, at the time of the taking, exempt from attachment.

Writ is dated June 12, 1867.

On the first day of September, 1868, the bankruptcy of the defendant being suggested on the docket, the plaintiff moved for leave to strike the name of the defendant from the suit without the payment of costs, and that the plaintiff become nonsuit.

The presiding judge ruled that c. 157 Public Laws of 1868, did not apply to cases having but one defendant.

A nonsuit was entered, and the presiding judge instructed the clerk to allow and tax the defendant's cost in his name.

The plaintiff alleged exceptions.

*Whitcomb*, for the plaintiff.

*D. D. Stewart*, for the defendant.

APPLETON, C. J.   The bankruptcy of the defendant having been suggested, the plaintiff moved to strike the defendant's name from the suit, without payment of costs.

The court ruled that c. 157 of the statutes of 1868 did not apply where there was but one defendant in the writ, and denied the plaintiff's motion.

By c. 157, § 1, it is provided that " where it shall appear that the defendant, or any one of the defendants, has filed his petition in

* See opinion.

bankruptcy, either before or after the commencement of the suit, the action shall be continued unless the plaintiff shall thereupon strike out such bankrupt defendant's name from the suit, which he may do without costs."

The statute specially provides for the case of one or more defendants. It is in the alternative. If the words "or any one of the defendants" were striken out, it would then apply to the case of a single defendant, and would authorize the striking out of his name without cost, in express terms.

The language is not technical, but it was the intention of the legislature that a defendant, whether alone or one of many defendants, taking advantage of his bankruptcy, should not recover costs, if the plaintiff should elect to strike his name from the writ. The striking the defendant's name from the writ is a discontinuance as to him. It was not necessary that the technical term, discontinuance, should be used. The intention of the legislature is manifest. It was that there should be one and the same rule of law, whether there was a single defendant, or many.

The report does not show by whom the suggestion of bankruptcy was made, but as it was to be made by the defendant if he relied upon it, and as it is not for the plaintiff to make it for him, the presumption is, that it was made by the defendant.

*Exceptions sustained.*

WALTON, BARROWS, DANFORTH, TAPLEY, JJ., concurred.